FILED
JUNE 9, 2015
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31467-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN KEENAN GORDON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jonathan Gordon appeals his Franklin County convictions for second degree rape and second degree assault with sexual motivation, contending that his time for trial right was violated and the evidence did not support the convictions. His claims are without merit and we affirm.

FACTS

Mr. Gordon was charged after hospital staff reported to the police about injuries suffered by the victim, B.B. She explained to officers that Mr. Gordon told her he was going to rape her and took her into his bedroom. Several butcher knives were placed throughout the room. Sexual intercourse then occurred during the course of which he repeatedly struck her, bit her, and choked her.

Mr. Gordon was arraigned and trial was initially scheduled for February 22, 2012. That date was continued to April 25, 2012; Mr. Gordon signed a waiver of his time for trial rights. The new trial date was stricken when Mr. Gordon failed to appear for trial. It later was discovered that he was jailed in a neighboring county on additional charges. He eventually was convicted there and sent to prison. He subsequently was transported to Franklin County for trial.

Upon his reappearance, trial was scheduled for November 28, 2012. The parties agreed to a two week continuance to December 12th in order for the defense to subpoena its witnesses. The new date, however, conflicted with the treating physician's vacation trip out of the country, leading the prosecutor to request another continuance. The defense did not object to any of the scheduled trial dates. Trial began January 9, 2013, approximately 15 months after arraignment.

The jury convicted Mr. Gordon on the two noted charges and also found that the assault was committed with sexual motivation. The court set the minimum term on each count within the standard range. Mr. Gordon then timely appealed to this court.

## ANALYSIS

The appeal presents a rule-based challenge to the timeliness of trial as well as a claim of evidentiary sufficiency. We address the time for trial claim first.

2

*Time for Trial*

This issue is largely driven by Mr. Gordon's pro se[1] arguments as both counsel

agree that there was no violation of CrR 3.3. We concur in counsel's assessment. There

was no violation of the court rule.

In its most basic terms, the rule requires trial within 60 days of arraignment if the

defendant is held in custody on the pending charge(s) or 90 days if the defendant is not in

custody. CrR 3.3(b); (c)(1). The same time periods apply if a new commencement date

is required for any of several reasons listed in CrR 3.3(c)(2), including the failure of the

defendant to appear for court proceedings. CrR 3.3(c)(2)(ii).

A timely written objection to a trial date scheduled outside the requirements of the

rule must be brought to the court's attention by motion or the defendant loses the

opportunity to object. CrR 3.3(d). Various factors also act to exclude time from the 60-

or 90-day trial period, including proceedings on unrelated charges. CrR 3.3(e)(2).

Whenever any period of time is excluded, there is a 30-day minimum period of time

within which to bring a case to trial. CrR 3.3(b)(5). Finally, even if the trial period

passes without trial, a five day cure period may be invoked. CrR 3.3(g).

---

[1] Mr. Gordon filed a lengthy Statement of Additional Grounds. Much of it repeats arguments in the briefs and the rest of it makes either factual allegations unsupported by the record or presents insufficiently supported legal arguments. For all of those reasons, we do not otherwise address this filing. RAP 10.10(a), (c).

With these principles in mind, Mr. Gordon's time for trial argument fails on numerous grounds. First, our record contains no written objections and no motion challenging any trial date. Thus, he has waived any claimed violation of the rule. CrR 3.3(d)(4). Second, his failure to appear for trial in Franklin County led to a new commencement date in the fall of 2012. His continuance of the new trial to December 12, 2012 resulted in an excluded period of time and an additional 30 days within which to bring the case to trial. CrR 3.3(b)(5); (d)(3). Trial commenced on January 9, 2013, a date within the 30-day period. Finally, the excluded periods created by both the defense continuance to December 12 and the State's continuance to January 9, 2013 also meant that the 90-day time for trial period never expired following the new commencement date.

For all of these noted reasons, there was no violation of CrR 3.3.

*Sufficiency of the Evidence*

The remaining issue is whether the evidence supported both jury verdicts. With proper deference to the fact-finding function of the jury, the evidence amply supported the verdicts.

Evidentiary sufficiency challenges are reviewed to see if there was evidence from which the trier of fact could find each element of the offense proven beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The reviewing

court will consider the evidence in a light most favorable to the prosecution. *Id.* Reviewing courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004). "Credibility determinations are for the trier of fact and are not subject to review." *Id.* at 874.

Mr. Gordon largely reargues the case, but this court's focus is on whether there was evidence to support each of the elements of the charged offenses rather than which side's evidence was more believable.[2] With respect to the rape count, that required evidence that Mr. Gordon had sexual intercourse with B.B. by forcible compulsion. Clerk's Papers (CP) at 73. Forcible compulsion includes a threat or any physical force that overcomes resistance to the intercourse. CP at 75. On the assault count, the State was required to prove that Mr. Gordon assaulted B.B. by strangulation. CP at 77-78.

As to the assault count, B.B. testified that he strangled her. That testimony alone was sufficient to support the verdict. On the rape count, she testified that his stated intent to rape her, accompanied by the display of the butcher knives in the bedroom, forced her compliance in order to preserve her life. Even at that, Gordon physically abused her in several different ways that also had the effect of overcoming any resistance. Again, the

---

[2] Even if we weighed credibility, Mr. Gordon's argument would fail. Both of his housemates confirmed much of the testimony of B.B., including the fact that sexual intercourse occurred, contrary to the defendant's own testimony.

No. 31467-7-III
*State v. Gordon*

evidence of the threat and the actual physical force each supported the jury's

determination that intercourse was accomplished by forcible compulsion.

The evidence was sufficient to support both verdicts. The convictions are

affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Lawrence-Berrey, J.